**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

**CRIMINAL ACTION NO. 04-69-DCR** **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **UNITED STATE'S MEMORANDUM IN SUPPORT OF RESENTENCING OF DEFENDANT TRAVIS TRUETT**

**TRAVIS TRUETT** **DEFENDANT**

* * * * * * * * * * *

Comes the United States of America, by and through undersigned counsel, and respectfully submits its memorandum in support of sentencing as ordered by the Court. Specifically, the Court has ordered the parties to address any issues the parties believe are relevant to re-sentencing pursuant to 18 U.S.C. § 3553(a). The United States will address each of the factors set forth in § 3553(a) separately below.

The United States submits the presentence investigation report adequately addressed the first factor set forth in § 3553(a)(1). As the presentence report indicates, this defendant took advantage of his role as an authority figure to manipulate a child at a very vulnerable age. What is abundantly clear from the facts of the case is that had the victim complied with the defendant's email request to meet him at the school on the

afternoon of March 18, 2004, more than likely she would have been sexually assaulted by the defendant.[1]

The second factor set forth pursuant to 18 U.S.C. § 3553(a)(2)(A) is the need to reflect the seriousness of the offense, to promote respect for the law, and provide for just punishment. Unquestionably, the original sentence imposed by the Hon. Karen K. Caldwell was intended to reflect the extremely serious nature of the defendant's instant offense. What this defendant apparently fails to comprehend is that he took away the innocence of a child. This case cries out for a severe sentence.

Most troubling to the United States is the defendant's apparent attempt to mitigate the restitution which was previously imposed by the court. Clearly, the defendant fails to understand, or is unwilling to acknowledge, that a victim of child sexual exploitation might require lifelong treatment and counseling. *See United States v. Estep*, 378 F.Supp.2d 763 (E.D. Ky 2005). Apparently, the defendant would like the court to believe that simply because the victim might have only had a handful of counseling sessions, or that the victim might be doing well with her school work, the amount of restitution should

[1] At the time charges were filed in federal court, the defendant was under indictment in Jackson County Circuit court for an attempt to commit an unlawful transaction with a minor. It is unclear whether the state charges were adjudicated or dismissed after the defendant's sentencing in federal court.

be reduced.[2] If anything, the amount of restitution should be increased to compensate the victim and her family for the additional expenses that have been incurred as a direct result of the defendant's criminal conduct.[3]

The factors set forth in 18 U.S.C. § 3553(a)(2)(B), to provide adequate deterrence, and § 3553(a)(2)(C) to protect the public, or other children from the victimization which this child has had to endure, require a sentence commensurate with the seriousness of the offense. Therefore, any sentence imposed in this case should be severe enough to act as a deterrent to others considering similar criminal conduct with a child entrusted to their care. Any sentence imposed in this case should send a strong message that this type of criminal conduct will not be tolerated. Children need to know that schools are a safe place, not a place to fear. Although a severe sentence will never restore this victim's innocence, it might prevent other children from being victimized.

---

[2] Another important factor which should be considered regarding the number of counseling sessions which the victim has been able to attend is how much of the court ordered restitution has been provided by the defendant since his original sentencing. It is the understanding of the United States that to date the defendant has not paid any restitution. It appears that long before the defendant was first sentenced he began divesting himself of his assets simply to avoid any financial obligations which might result from his criminal conduct.

[3] For example, as a direct result of this case, the victim's family is in the process of moving from the home where they resided for the past 25 years in order to preclude their child from having to attend the high school where the defendant's brother is a teacher. To date, the family has incurred approximately $6,500 in expenses related to finding a new home for their child.

Sadly, regardless of the sentence imposed in this case, this child and this family will never be the same again.

Respectfully submitted,

AMUL R. THAPAR
UNITED STATES ATTORNEY

By: s/ Mark A. Wohlander

Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
110 W. Vine Street, Ste. 400
Lexington, KY. 40507-1671
Phone: (859)233-2661, Ext.126
Fax: (859)233-2747
Mark.Wohlander@usdoj.gov

CERTIFICATE OF SERVICE

On September 11, 2006, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

Hon. Fred E. Peters
*Attorney for Travis Truett*

s/ Mark A. Wohlander
Assistant United States Attorney
Attorney for the United States